UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LONDON
*Electronically Filed*

| | | |
|---|---|---|
| STACY A. FONCANNON | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Civil Action No._____ |
| | ) | |
| | ) | |
| LAKE CUMBERLAND REGIONAL | ) | |
| HOSPITAL, LLC | ) | |
| | ) | |
| DEFENDANT | ) | |

**NOTICE OF REMOVAL**

Defendant Lake Cumberland Regional Hospital, LLC ("Lake Cumberland"), by counsel and under 28 U.S.C. §§ 1441 and 1446, submits this notice of removal of the above-captioned case, which was originally filed in Pulaski Circuit Court, Division II, Civil Action No. 16-CI-00122. In support of removal, Lake Cumberland states as follows.

1. On February 11, 2016, plaintiff Stacy A. Foncannon ("Foncannon" or "plaintiff"), filed a complaint in Pulaski Circuit Court against Lake Cumberland, which is the only defendant in the case.

2. Lake Cumberland's removal of the state court action is timely. A defendant seeking removal of an action filed in state court must file a notice of removal within 30 days of service of the complaint upon the defendant, provided that federal jurisdiction is apparent. *See* 28 U.S.C. § 1446(b). Lake Cumberland was served with the summons and complaint through CT Corporation System on February 18, 2016. This notice of removal is timely because it is being filed within 30 days of the date when Lake Cumberland was served.

3.  The Pulaski Circuit Court is located within the London Division of the United States District Court for the Eastern District of Kentucky. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Pulaski County, Kentucky.

4.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Lake Cumberland are attached as Exhibit 1 to this Notice of Removal. Additionally, Lake Cumberland's Answer to the Complaint is attached as Exhibit 2.

5.  As alleged in the Complaint, Foncannon is a resident of Kentucky. (Complaint, Section I.)

6.  As alleged in the Complaint, Lake Cumberland is a foreign limited liability company organized in the State of Delaware. (Complaint, Section II.)

7.  The amount in controversy exceeds $75,000. In accordance with Kentucky law, the Complaint does not demand a specific dollar amount in damages. Rather, plaintiff alleges that she has been damaged "in an amount sufficient to establish the jurisdiction of this Court." (Complaint, Section IV.) Because Kentucky practice does not permit demands for a specific sum, this notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). Additionally, as the United States Supreme Court recently clarified, in this notice of removal Lake Cumberland need only make a "short and plain statement" demonstrating that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014); *see also, e.g.*, *Heartland of Portsmouth OH, LLC v. McHugh Fuller Law Group*, 2015 U.S. Dist. LEXIS 19780, *2-3; 2015 WL 72831 (S.D. Ohio Feb. 19, 2015).

8.  Here, the amount in controversy exceeds $75,000 by a preponderance of the evidence. This is an action alleging medical negligence in the performance of a surgical

procedure that allegedly resulted in "perforation of the Plaintiff's small bowel." (Complaint, Section III.)  Plaintiff alleges that she suffered "permanent personal injury, she has incurred medical expenses and will incur such medical expenses in the future, she has lost income[,] and her capacity to earn money has been permanently impaired…." (*Id.*, Section IV.)  Plaintiff also alleges that she "has and will in the future endure pain and suffering, both physical and mental." (*Id.*)  These allegations demonstrate that the amount in controversy exceeds $75,000.[1]

9.      This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy is satisfied and this is an action between a citizen of Kentucky (Foncannon) and a citizen of a different state, Lake Cumberland, which as detailed below, is a citizen of Delaware and Tennessee.

10.     For purposes of 28 U.S.C. § 1332(a), Lake Cumberland, which is a limited liability company, is a citizen of two states, Tennessee and Delaware, and it is *not* a citizen of Kentucky. As recognized by the Sixth Circuit, all unincorporated entities, such as limited liability companies, have the citizenship of each partner or member. *See Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).  When an LLC has only one member, "its citizenship is determined by that of its sole member." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348-349 (3rd Cir. 2013).  If that sole member is also an LLC, the Court must look "upstream" at

---

[1] Even before the Supreme Court's decision in *Dart Cherokee Basin*, these allegations would have been sufficient to establish that the amount in controversy requirement is satisfied.  In determining the amount in controversy, the Court may look to the nature of the injuries alleged in the Complaint. *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding that a complaint alleged damages greater than $75,000 when the plaintiff suffered congestive heart failure and six-day hospital stay).  The Court may also rely on "judicial experience" and "common sense" to evaluate the potential value of the plaintiff's claims. *Roe v Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).  As the Eleventh Circuit observed, district courts may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that the amount-in-controversy requirement is satisfied. *Id.*  Here, the categories of damages alleged by the plaintiff, and the nature of her alleged injury, allow a "reasonable inference" that the amount in controversy exceeds $75,000.

the parentage of the LLC until an entity or person is discovered whose citizenship can be determined. *Delay*, 585 F.3d at 1005.

11. Here, Lake Cumberland is a citizen of Tennessee and Ohio because the first of its parent companies whose citizenship can be determined – LifePoint Hospitals Holdings, Inc. – is a Delaware corporation with its principal place of business in Tennessee. Lake Cumberland's sole member is Lifepoint of Lake Cumberland, LLC.[2] The sole member of LifePoint of Lake Cumberland, LLC is another limited liability company, Lifepoint Holdings 2, LLC.[3] The sole member of Lifepoint Holdings 2, LLC is a corporation, LifePoint Hospitals Holdings, Inc.[4]

12. Because LifePoint Hospitals Holdings, Inc. is a corporation, the citizenship of which can be determined, its citizenship determines the citizenship of Lake Cumberland for purposes of diversity jurisdiction. *Delay*, 585 F.3d at 1005. LifePoint Hospitals Holdings, Inc. is incorporated in Delaware and has its principal place of business in Tennessee.[5] Thus, it is a citizen of Delaware (where it is incorporated) and Tennessee (where it has its principal place of business). *See Schwartz v. Electronic Data Systems, Inc.*, 913 F.3d 279, 282 (6th Cir. 1989) and Ex. 9 (listing LifePoint Hospitals Holdings, Inc.'s principal office as 330 Seven Springs Way, Brentwood, Tennessee 37027-5098). Lake Cumberland is accordingly a citizen of Tennessee and Delaware, and it is diverse from the plaintiff, who is a citizen of Kentucky.

---

[2] *See* Kentucky Secretary of State General Information for Lake Cumberland, Exhibit 3, and Annual Report, Exhibit 4. All documents from the Secretary of State website are publicly available government documents from a reliable source, and this Court may therefore take judicial notice of them. Fed. R. Evid. 201; *see also, e.g., EEOC v. Jeff Wyler Eastgate, Inc.*, No. 1:03-cv-662, 2006 U.S. Dist. LEXIS 72344, at *7 (S.D. Ohio Jan. 9, 2006) (noting that "the Sixth Circuit holds district courts can take judicial notice of public records, such as public filings of private corporations and unreported judicial proceedings.")

[3] Kentucky Secretary of State General Information for LifePoint of Lake Cumberland, LLC, Exhibit 5, and Annual Report, Exhibit 6.

[4] Kentucky Secretary of State General Information for LifePoint Holdings 2, LLC, Exhibit 7, and Annual Report, Exhibit 8.

[5] Tennessee Secretary of State Business Information for LifePoint Hospitals Holdings, Inc., Exhibit 9.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, will be filed promptly with the Clerk of the Pulaski Circuit Court, and a copy of the same is being served upon all parties.

14. Lake Cumberland reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of his entitlement to remove this case.

    Respectfully submitted,

    s/ Stephen J. Mattingly
    Bradley A. Case
    Stephen J. Mattingly
    DINSMORE & SHOHL LLP
    101 South Fifth Street, Suite 2500
    Louisville, Kentucky 40202
    (502) 540-2300
    Fax (502) 585-2207
    bradley.case@dinsmore.com
    stephen.mattingly@dinsmore.com
    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will serve copies of the same on the following counsel of record:

Jeffrey T. Sampson
The Sampson Law Firm
450 S. Third Street, 4th Floor
Louisville, KY 40202
*Counsel for Plaintiff*

    /s/ Stephen J. Mattingly
    *Counsel for Defendant*

10165728v1