UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| STACY A. FONCANNON, | ) |
| Plaintiff, | ) Civil Action No. 6: 16-39-DCR |
| V. | ) |
| LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Southeastern Emergency Physicians, LLC's, Erika Todd's, and Sean Rogers' motion for an extension of certain deadlines contained in the Scheduling Order entered March 28, 2016. [Record No. 38] The plaintiff's deadline for disclosing the identity of expert witnesses and expert written reports was July 25, 2016, while the defendants' deadline is August 25, 2016.[1] [Record No. 11, ¶ 2] In addition, the deadline for completing all discovery is October 25, 2016, with a dispositive motion deadline of November 25, 2016. [*Id.*, ¶¶ 4, 9]

The three aforementioned parties request an extension of the deadlines for disclosing experts and expert witness reports, completing discovery, and filing dispositive motions.[2]

---

[1]    At the time the Scheduling Order was entered, the only defendant was Lake Cumberland Regional Hospital, LLC.

[2]    Although the parties nominally request an extension of "all" deadlines [Record No. 38, p. 1], they do not specifically address the other deadlines, and they even state that they are not requesting a continuance of the trial date at this time. [*Id.*, ¶ 5]

- 1 -

[Record No. 38-1, p. 1] As grounds for the motion, they indicate that Southeastern Emergency Physicians, LLC ("SEP") was added as a defendant by an Amended Complaint filed on June 8, 2016, seventy-two days after the Court entered the Scheduling Order. [Record No. 38, ¶ 1, *referring to* Record Nos. 11; 21] Further, Erika Todd and Sean Rogers were added as third-party defendants on July 21, 2016, over three months after entry of the Scheduling Order. [Record No. 38, ¶ 2, *referring to* Record Nos. 11; 36] Those third-party defendants also indicate that, although they have agreed to waive service, they have not yet filed their Answers. [Record No. 38, ¶ 2] Because the deadlines contained in the Scheduling Order are closely approaching, SEP, Todd, and Rogers request a 60-day extension of the aforementioned deadlines. [*Id.*, pp. 2−3]

Although the other parties have not filed a response to the motion for an extension, the time period for filing such a response has lapsed. *See* Local Rule 7.1(b). Under Rule 16 of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In considering whether a movant has demonstrated good cause, the Court considers: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect" the proceeding; "(3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). "The focus is primarily upon the diligence of the movant." *Harwood v. Avaya Corp.*, No. 2:05-cv-0828, 2007 WL 188565, *1 (S.D. Ohio Jan. 22, 2007).

The record indicates that SEP likely became aware of the need for an extension when it made its appearance on July 5, 2016. [Record No. 25] That defendant proceeded to file the present motion about one month later. [Record No. 38] The earliest Todd and Rogers could have become aware of the need for an extension was July 21, 2016, but the fact that they have not yet entered an appearance suggests that they may have not become aware of the need until later. [Record No. 36] In any event, they filed the present motion less than three weeks after the Third-Party Complaint was filed. [Record Nos. 36; 38] Because these parties moved for an extension shortly after discovering a need for it, the first factor weighs in favor of granting the relief sought. *See Dowling*, 593 F.3d at 478. While granting the motion might inconvenience the plaintiff (who already filed her expert disclosures by the deadline), she was the party responsible for bringing in SEP at a later time. [Record No. 31] As a result, the second factor only weighs slightly against granting the motion. *See id.*

Regarding the third factor—the length of the discovery period—the Court gave the initial parties approximately seven months to complete discovery, which is its standard practice. *See Dowling*, 593 F.3d at 478. [Record No. 11, ¶ 4] However, the newly-added parties were deprived of approximately two months of that discovery period. [*See id.*; Record Nos. 21; 36] Thus, that factor weighs in favor of granting the request for an extension. With respect to the fourth factor, the movants do not seem to display dilatory motives. *See id.* Finally, the fifth factor is not relevant here because SEP, Todd, and Rogers do not allege that the other parties were unresponsive to discovery requests. *See id*.

Where three of the factors favor granting the motion for an extension, one factor weighs slightly in favor of denying it, and the other factor is irrelevant, it is appropriate to

grant the motion. Moreover, the other parties have not opposed the request. Because SEP, Todd, and Rogers have shown good cause, the Court will grant the requested 60-day extension. *See* Fed. R. Civ. P. 16(b)(4). In addition, the Court will continue the pretrial conference and trial dates, although such continuances are not requested, for the purpose of avoiding conflicts created by a later dispositive motion deadline. Finally, the Court will also extend the plaintiff's deadline for disclosing the identity of expert witnesses and their reports in fairness to that party.[3] Accordingly, it is hereby

**ORDERED** as follows:

1. Southeastern Emergency Physicians, LLC's, Erika Todd's, and Sean Rogers' motion for an extension of certain deadlines contained in the Scheduling Order [Record No. 38] is **GRANTED**.

2. The plaintiff's deadline for disclosing the identity of expert witnesses and their written reports is extended through **September 23, 2016**.

3. The defendants' deadline for disclosing the identity of expert witnesses and their written reports is extended through **October 24, 2016**.

4. The deadline for completing discovery is extended through **December 23, 2016**.

5. The deadline for filing dispositive motions is extended through **January 24, 2017**.

---

[3] Although the plaintiff already complied with the prior expert witness disclosure deadline, she will have until September 23, 2016, to submit new disclosures if she wishes.

6. The final pretrial conference previously scheduled for February 27, 2017, is **CONTINUED** to **Friday, April 14, 2017**, beginning at the hour of **2:00 p.m.**, at the United States Courthouse in London, Kentucky.

7. The jury trial of this matter is **CONTINUED** to **Monday, May 15, 2017**, beginning at the hour of **9:30 a.m.**, at the United States Courthouse in London, Kentucky. Counsel to be present at **9:00 a.m.**

8. The remainder of the Scheduling Order [Record No. 11] shall remain in place.

This 19th day of August, 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge