UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| STACY A. FONCANNON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-039-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LAKE CUMBERLAND | ) | **MEMORANDUM OPINION** |
| REGIONAL HOSPITAL, LLC, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Lake Cumberland Regional Hospital, LLC's ("Lake Cumberland") motion to exclude the expert testimony of Dr. Jorge Rodriguez. [Record No. 39] For the reasons that follow, the defendant's motion will be granted.

**I.**

This action concerns medical care that Stacy Foncannon received at Lake Cumberland's Emergency Department on February 17, 2015. The plaintiff alleges that she sought treatment after inadvertently dislodging a feeding tube that was placed in her abdomen. [Record No. 53–1, p.1] Foncannon further claims that the care she received at the Emergency Department fell below the applicable standard of care and, as a result of the defendants' actions, she was injured. [Record No. 21]

Dr. Jorge Rodriguez is the plaintiff's treating physician. [Record No. 54–2] Dr. Rodriguez provided treatment to Foncannon before and after her Emergency Department visit on February 17, 2015. *Id.* On July 12, 2016, the plaintiff filed her expert disclosures pursuant

to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. [Record No. 31] These disclosures included a two-page "preliminary expert disclosure" by Dr. Rodriguez, Dr. Rodriguez's curriculum vitae, and an affidavit provided by Dr. Rodriguez on March 21, 2016.

On August 10, 2016, Lake Cumberland filed the present motion, alleging that Dr. Rodriguez's report did not meet the requirements of Rule 26(a)(2)(B). Specifically, it contends that the report does not contain a complete statement of Dr. Rodriguez's opinion and the bases and reasons for them; the facts and data he relied on in forming his opinion; and, of significant important to Lake Cumberland, Dr. Rodriguez's opinion regarding which individuals caused the plaintiff's alleged harm.

On August 19, 2016, the Court extended all deadlines to allow the newly-joined parties adequate time to complete discovery. [Record No. 40] The plaintiff was given until September 23, 2016, to submit new expert disclosures. On September 2, 2016, she filed Dr. Rodriguez's "Final Amended Disclosure." [Record No. 54]

**II.**

When treating physicians testify regarding matters outside the scope of the diagnosis and treatment of their patient, they must file an expert report that conforms to the requirements of Rule 26(a)(2)(B). *Avendt v. Covidien, Inc.*, 314 F.R.D 547, 555–59 (E.D. Mich. 2016). Portions of Dr. Rodriguez's anticipated testimony relate to his treatment of the plaintiff and, therefore, are admissible without regard to his report under Rule 26. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870–71 (6th Cir.2007).

With respect to matters outside the scope of treatment and diagnosis, Dr. Rodriguez's report provides little information. Rule 26(a)(2)(B) requires "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as the "facts and

data considered . . . in forming them." The 2010 Advisory Committee notes shed light on the amount of detail contemplated by the Rule, noting that reports must include facts and data that the expert considered, but did not actually use. Further, "expert reports must include how and why the expert reached a particular result, not merely the expert's conclusory opinions." *R.C. Olmstead, Inc. v. CU Interface*, 606 F.3d 262, 271 (6th Cir. 2010) (internal quotation marks omitted).

Dr. Rodriguez plans to testify that the defendants deviated from the accepted standard of care in their insertion of a Foley catheter, as well as their failure to confirm adequate positioning of the tube prior to discharging the plaintiff. He also plans to testify that the delay in discovering Foncannon's alleged injury constitutes a deviation from the accepted standard of care. But Dr. Rodriguez does explain "how or why" the defendants breached the standard of care or even what standard of care applies.

Dr. Rodriguez alleges that he performed surgery on the plaintiff on February 18, 2015, during which he discovered a bowel injury. To the extent it is within the scope of treatment and diagnosis, he may opine regarding the cause of injury. *See Fielden*, 482 F.3d at 870. However, he may not opine that the defendants were negligent in their insertion of a Foley catheter, as he has not provided a proper basis for doing so under Rule 26(a)(2)(B).

### III.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** that Defendant Lake Cumberland's Motion to Exclude [Record No. 39] is **GRANTED.** Dr. Jorge Rodriguez's will be limited to the scope of his own treatment and diagnosis of the plaintiff.

- 4 -

This 12th day of January, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

- 4 -